UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL L. WATTS,

        Petitioner,

    v.

THE PEOPLE OF THE STATE OF CALIFORNIA,

        Respondent.

No. CV 17-8759-JLS (AGR)

ORDER TO SHOW CAUSE

On December 5, 2017, Petitioner filed a petition for writ of habeas corpus ("Petition") challenging a state conviction and sentence. The court construes the Petition as filed pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the Court orders Petitioner to show cause, on or before **February 12, 2018**, why this Court should not recommend dismissal without prejudice based on what is commonly called *Younger* abstention.

## I.

## **SUMMARY OF PROCEEDINGS**

On June 5, 2017, Petitioner pleaded no contest kidnapping and other charges in Los Angeles County Superior Court case number TA142688. He was sentenced to seven years in state prison. (Petition at 2.)

According to the Petition, Petitioner did not appeal his conviction and sentence, and has not filed a petition for writ of habeas corpus before the California Supreme Court. (*Id.* at 6.)

However, Petitioner's motion filed on December 15, 2017 indicates Petitioner filed a notice of appeal, a petition for writ of habeas corpus and a motion for re-sentencing in the Superior Court in October 2017. (Dkt. No. 3.) The court takes judicial notice that Petitioner filed a notice of appeal in California Court of Appeal Case No. B286256. According to the online docket, the appeal remains pending.

The Petition contains one ground for relief based on judicial misconduct. He requests a court order that (1) his prior convictions in Case No. 9028944 be deemed to be one case and sentence; (2) Petitioner be allowed to withdraw his plea of no contest in Case No. TA142688; and (3) that Petitioner may proceed to trial in Case No. TA142688 without fear of a 25-years-to-life sentence. (Petition at 3.)

## II.

## **ABSTENTION**

"As an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Younger v. Harris,* 401 U.S. 37, 44-45 (1971) (in general, federal court should not interfere with ongoing state proceedings).

Abstention from interference with pending state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, all of the prerequisites to *Younger* abstention appear to have been met. *Younger* involved criminal proceedings. The record indicates that Petitioner's appeal from Superior Court Case No. TA142688 remains pending in the California Court of Appeal. Petitioner' claim here involves California's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Nothing prevents Petitioner from raising his federal claim in state court, either at the trial level or at the appellate level. Therefore, *Younger* abstention appears appropriate.

Petitioner has not demonstrated any "special" or "extraordinary" circumstance based upon which the Court should entertain the petition. Nor does any exception to *Younger* apply. An exception requires Petitioner to show he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of California in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); *Younger*, 401 U.S. at 46.

Petitioner is further advised that federal habeas relief is unavailable when, as here, Petitioner has not exhausted his claims for relief in California state court. 28 U.S.C. § 2254(b)(1); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he presented both the operative facts and the federal legal theory on which his claim is based to the California Supreme Court. *Duncan v. Henry*, 513 U.S. 364 (1995); *James*, 24 F.3d at 24.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **February 12, 2018**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice based on *Younger* abstention.

***If Petitioner does not respond to this Order to Show Cause by February 12, 2018, the magistrate judge may recommend that the Court order the petition dismissed, without prejudice, based on Younger abstention.***

DATED: January 11, 2018

　　　　　　　　　　　　　　　　/s/ Alicia G. Rosenberg
　　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　　United States Magistrate Judge